# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN )
)
*Plaintiff* )
)
v. )
)
WILLIAM SMITH )
)
MASSACHUSETTS BAY )
TRANSPORTATION AUTHORITY )
)
JOHN DOE #1, an MBTA employee )
)
JOHN DOE #2, an MBTA employee )
)
THOMAS O'LOUGHLIN. Chief )
MASSACHUSETTS BAY TRANSPORTATION )
AUTHORITY POLICE DEPARTMENT )
)
EQUITY OFFICE PROPERTY MANAGEMENT )
)
*Defendants* )

Civil Action No.

## 02-10017WGY

January 3, 2002

---

## VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, PUNITIVE AND COMPENSATORY RELIEF AND REQUEST FOR A JURY TRIAL

---

Richard Max Strahan is the National Campaign Director for GreenWorld, an environmental organization that advocates for the protection of endangered species and their ecosystems. Strahan bring this action against the William Smith ("Smith"), Massachusetts Bay Transportation Authority ("MBTA"), and the other Defendants to protect his ability to engage in Free Speech and to do Public Outreach in the Public Forum of the South Station transportation complex (train station and bus station) in Boston, MA ("South Station"), as well as to simply use





the facilities there in a peaceful manner without the threat of arrest for trespassing or disorderly

conduct.

1.      In January of 1999, Strahan was falsely arrested, physically assaulted, and robbed

by Defendants Smith, John Doe #1, and John Doe #2 in South Station. This was an act of simple

hooliganism as well as a retaliation for simply engaging in peaceful Public Outreach (i. e.

seeking signatures on a petition requesting the protection of endangered whales, educating the

Public on conservation issues, and accepting donations from offering members of the Public)

there. The said arrest by these defendants was also, in part, retaliation for seeking criminal

process against them and the other Defendants for past unlawful acts of intimidation, threats and

coercion by the Defendants to keep them from doing Public Outreach in South Station.

2.      On the day in question Strahan was harassed by Defendants Smith and agents of

Defendant Equity Office Properties Management ("Defendant Inequity") for several hours. They

repeatedly attempted to stop Strahan from engaging in Public Outreach. They also repeatedly

subjected Strahan to verbal and physical abuse. Eventually they were joined by Defendants John

Doe #1 and John Doe #2 who informed Defendant Smith that Strahan had asked the BMC to

issue a criminal complaint against Defendant O'loughlin and others, and that Smith should help

them punish Strahan in retaliation. Smith immediately agreed and threatened to arrest Strahan if

he did not immediately leave South Station. When Strahan refused to leave, he was physically

assaulted by them, then arrested by them, and then robbed of most of the property that he was

carrying with him at the time, including all of his campaign materials. At that time the

Defendants told him that they were arresting him, in part, as revenge for Strahan's prior

application to the BMC for a criminal complaint against Defendant O'loughlin, for his enforcing

a self-imposed policy of arresting any member of the Public who engages in Free Speech

activities in South Station. They further informed him that he would be physically assaulted, robbed and arrested again if he ever came back to South Station. They also verbally and physically abused him, causing him to develop numerous bruises on his body. Defendant Inequity's agents remained in close proximity to further assist the other defendants that were present.

3.     The next day the clerk-magistrate of the Boston Municipal Court refused the Defendants' request for a criminal complaint against Strahan on the charges that he was arrested on. Strahan was never arraigned on the criminal charges from his arrest. None of Strahan's property that was taken by the Defendants at the time of his arrest was returned to Strahan, except an empty rucksack. Eventually, Strahan recovered his campaign table that was among the property stolen from him by Smith during his arrest at South Station, and the table had been vandalized to the point of being useless. The approximate replacement value of the items stolen from Strahan by the Defendants was over a thousand dollars.

4;     This claims of thus suit arise pursuant to the provisions of the First, Fourth, and Fourteenth Amendment s of the Constitution and the Civil Rights Act. Strahan is seeking five thousand dollars in compensatory damages and one million dollars in punitive damages from each of the Defendants. He is seeking an injunction form the Court enjoining the Defendants from threatening, intimidating, or coercing Strahan and other members of the Public from further fully exercising their lawful right to engage in Free Speech and Right of Assembly in South Station. He is also seeking a Declaratory Judgment that he has the legally protected right to engage in Free Speech and to assemble with others in the public concourse areas South Station without fear of threat of arrest, including from criminal trespass and disorderly conduct. He seeks a jury trial.

### The Parties

5.      Plaintiff Strahan is a United States citizen who serves as the National Campaign Director of GreenWorld. His business address is Suite 274, 1770 Massachusetts Avenue. Cambridge, MA 02140.

6.      Defendant William Smith is a United States citizen. He is currently employed as a police person by the MBTA. His business address is in care of the MBTA's police department at 240 Southhampton Street, Boston MA 02118. Defendant Smith is being sued in his personal as well as official capacity.

7.      Defendant John Doe #1 is a United States citizen. He is currently employed as a police person by the MBTA. His business address is in care of the MBTA's police department at 240 Southhampton Street, Boston MA 02118. Defendant Smith is being sued in his personal as well as official capacity.

8.      Defendant John Doe #2 is a United States citizen. He is currently employed as a police person by the MBTA. His business address is in care of the MBTA's police department at 240 Southhampton Street, Boston MA 02118. Defendant Smith is being sued in his personal as well as official capacity.

9.      Defendant Thomas O'Loughlin is a United States citizen. He is currently employed as a police person by the MBTA. His business address is in care of the MBTA's police department at 240 Southhampton Street, Boston MA 02118. Defendant Smith is being sued in his personal as well as official capacity as the administrative head of the MBTA.

10.     Defendant Equity Office Property Management ("Defendant Inequity") is a company doing business in Massachusetts. Its business address is 100 Summer Street, Boston MA 02110.

## Claims for Relief

### COUNT I: *Violation of the First Amendment*

11.     All facts and claims alleged in paragraphs 1 – 10 are incorporated and realleged herein

12.     On the day in question in January 1999, Strahan was falsely arrested by the Defendants Smith, John Doe #1, and John Doe #2. He suffered irreparable harm as well as injury to his person and property as a result of this false arrest. The Defendants are likely to cause Strahan to be falsely arrested in South Station in the future unless stopped by the Court. Agents of Defendant Inequity have routinely supported and conspired with the other Defendants in their unlawful actions against Strahan.

13.     Historically, the Defendants have intimidated, coerced, and threatened Strahan, and members of GreenWorld, with false arrest, bodily harm, and theft of property, if they engaged in Free Speech or Assembly in South Station. On the day in question Defendants Smith, John Doe #1, and John Doe #2 falsely arrested Strahan, physically injured him, and stole his property to stop his immediate peaceful Public Outreach efforts in South Station and to thwart his future efforts to do so. Defendant's Inequity's agents requested and supported the removal of Strahan and his arrest. On the day in question they stole his property, physically assaulted him, and stopped his Public Outreach in part as a retaliation for his seeking criminal process against them in the BMC. South Station is a traditional Public Forum and is also a Public Accommodation as defined and protected under the Massachusetts Public Accommodation Law.

14.     South Station is a traditional Public Forum. Strahan — and all other members of the Public — have a protected right to engage in First Amendment protected speech and otherwise remain in South Station in a peaceful manner.  He has the lawful right to enter and

engaged in Public Outreach in South Station in a peaceful manner and cannot be lawfully removed pursuant to an arrest for criminal trespass, pursuant to 266 M. G. L. 120. Neither can Strahan be arrested for disorderly conduct simply for engaging in peaceful Public Outreach there, as he was on the day in question. The arrest and coercion that was inflicted on the Strahan by Defendants Smith, John Doe #1, and John Doe #2 on the day in question at South Station is a violation of his First Amendment protected freedoms.

15.    Unfortunately, Defendant O'Loughlin has unlawfully adopted a policy to physically expel anyone who is peacefully engaged in Public Outreach in traditional public forum found on MBTA property. He also has adopted a policy to arrest or physically assault anyone who peacefully refuses to leave when so ordered to leave. This policy is applied in an arbitrary and capricious manner at the whim of his agents. Further, the Defendants have never been given any lawful authority by the MBTA to authorize, who may or may not remain on MBTA owned property,

16.    Unless the Court grants him his requested relief, the Defendants and their agents are likely to keep Strahan's property and to steal Strahan's property again in the future when he is in South Station doing Public Outreach. South Station constitutes a traditional public forum. On the day in question the Defendants violated that right. Without his requested relief, Defendants will also arrest Strahan again when he is doing public outreach in South Station They have threatened to do so again and will unless the Court grants Strahan his requested relief.

COUNT II: *Violation of the Fourth Amendment*

17.    All facts and claims alleged in paragraphs 1 – 16 are incorporated and realleged herein

18.     On the day in question Defendants Smith, John Doe #1, and John Doe #2 falsely arrested Strahan and stole his campaign materials and other personal property of his. This property was never logged as taken into custody pursuant to Strahan's arrest. The items included a table, petition sheets with signatures on them, cash, a sleeping bag, clothing, notebooks, computer disks and other valuable and irreplaceable items. These Defendants announced to Strahan at the time of his arrest that they were never going to return these items. They claimed that they were going to keep them as a punishment for political activities and his effort tom seek lawful protection of his right to engage in them. They also informed him that they would steal further items that he had with him if they "caught' him doing Public Outreach in South Station in the future. Agents of Defendant Inequity have routinely supported and conspired with the other Defendants in their unlawful actions against Strahan.

19.     Strahan has the right to be there and conduct Public Outreach there under the Articles 16 and 19 of the Massachusetts State constitution and the Massachusetts Public Accommodation Law, as it constitutes protected Free Speech and Protected Assembly in the traditional Public Forum that is found in South Station. In this regards, the Defendants violated the Fourth Amendment by forcibly removing Strahan from South Station when they arrested him They also violated his rights under the Fourth Amendment by stealing his property.

20.     Unless the Court grants him his requested relief, the Defendants and their agents are likely to keep Strahan's property and to steal Strahan's property again in the future when he is in South Station doing Public Outreach. South Station constitutes a traditional public forum. On the day in question the Defendants violated that right. Without his requested relief, Defendants will also arrest Strahan again when he is doing public outreach in South Station They have threatened to do so again and will unless the Court grants Strahan his requested relief.

COUNT III: *Violation of the Fourteenth Amendment*

21.     All facts and claims alleged in paragraphs 1 – 20 are incorporated and realleged herein.

22.     The Defendants have violated the Fourteenth Amendment by arresting, stealing from and otherwise inflicting punishment on Strahan and by unlawfully denying him his right of due process in doing so. The Defendants routinely administer a policy of immediately evicting anyone from all MBTA property whom they subjectively perceive to be engaged in some peaceful activity that they consider inappropriate. The terms of eviction generally last for a mere twenty-four hours. This punishment is carried out in a completely arbitrary and capricious manner, with the accused being denied any hearing or other basis of review to determine his guilt or innocence. The punishment is applied immediately, with no possibility of any appeal. If the individual will not voluntarily agree to the punishment, for this alone he is immediately arrested and physically abused. Agents of Defendant Inequity have routinely supported and conspired with the other Defendants in their unlawful actions against Strahan.

23.     On the day in question and afterwards, Strahan has been unlawfully told by the Defendants to leave South Station — and many times since — under penalty of immediate arrest if he did not do so, while he was simply engaged in peaceful Public Outreach. On most of these occasions the Defendants, or their agents, told him that he would have to stay away from all MBTA property for twenty-four hours or face summary arrest for trespass or disorderly conduct if he returned, even to simply go on a train. The Defendants have no authority to designate who or who not is *persona non grata* on MBTA property that constitutes a Public Forum, especially on any protracted basis as a matter of MBTA policy. The Defendants unlawfully deny Strahan — and other members of the Public — their rights of legal due process by unlawfully subjecting

them to immediate terms of punishments without any benefit of trial or appellate review. They do so in an arbitrary and capricious manner without any lawful recording of the proceedings and for offenses that are completely subjectively interpreted and conceived from whim.

24.     Unless the Court grants Strahan his requested relief, the Defendants will continue to unlawfully attempt to ban Strahan for periods of time from MBTA property and unlawfully deny him his lawfully protected right of due process.

COUNT IV: <em>Violation of the Civil Rights Act</em>

25.     All facts and claims alleged in paragraphs 1 – 24 are incorporated and realleged herein

26.     Strahan has a right to conduct Public Outreach in South Station under the First Amendment of the Constitution, as it constitutes Protected Speech and Right of Assembly. South Station constitutes a traditional public forum and a Public Accommodation under Massachusetts's law. Strahan also has the right to be there under the Articles 16 and 19 of the Massachusetts State constitution and the Massachusetts Public Accommodation Law. In this regards, the Defendants violated the Fourth Amendment by forcibly removing Strahan from South Station when they arrested him, and therefore the Civil Rights Act.

27.     On the day in question the Defendants violated Strahan 's constitutional rights, falsely arrested him, and stole his property. Agents of Defendant Inequity have routinely supported and conspired with the other Defendants in their unlawful actions against Strahan, and freely conspired with them to do so. In doing so they violated the provisions of the Civil Rights Act. They have threatened to do so again and will unless the Court grants Strahan his requested relief.

## Prayer for Relief

WHEREUPON the Plaintiffs pray to the Court for the following relief:

I.   For a Declaratory Judgment that South Station is a protected Public Forum and a Public Accommodation, and the Public have a right under the First Amendment, Articles 16 and 19 of the Massachusetts Constitution to engage in Free Speech and Assembly at South Station in a peaceful manner;

II.   For a Declaratory Judgment that Strahan arrest in South Station in January, 1999 violated the First Amendment, Fourth Amendment, and the Civil Rights Act and his lawful rights to be there and engage in peaceful Public Outreach;

III.   For an order, enjoining the Defendants and/or their agents from intimidating, threatening, or coercing the Plaintiff from engaging in Public Outreach in South Station in the future, requiring the return of his stolen property, or peacefully from using that facility;

IV.   For an award of compensatory damages of $1000 from each of the Defendants;

V.   For an award of punitive damages of $1,000,000 from each of the Defendants;

VI.   For any other type of relief the Court feels is appropriate and is agreed to by the Plaintiff;

VII.   For an award of attorney fees and Plaintiff's cost of litigation.

BY:

Richard Max Strahan
National Campaign Director
GreenWorld
Suite 274
1770 Massachusetts Avenue
Cambridge, MA 02140

*Pro Se and Proud!*

## VERIFICATION OF THE COMPLAINT

I Richard Max Strahan verify that the claims of fact made in this complaint are known to the best of my ability to be true and accurate. Signed under the pains and penalties of perjury this First day of January in the year 2002.

Richard Max Strahan